IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOE MARTINEZ, on behalf of himself and all other employees similarly situated, known and unknown, | Civil Action |
| Plaintiffs, | 07CV850<br>JUDGE FILIP<br>MAGISTRATE JUDGE NOLAN |
| v. | |
| TONY INGRAFFIA, DAMENICO GAMBINO, TONY'S FINER FOODS ENTERPRISES, INC., an Illinois corporation, TONY'S FINER FOODS, INC, a merged or consolidated Illinois Corporation, TONY'S FINER FOODS NO. 3, INC., a merged or consolidated Illinois corporation, TONY'S FINER FOODS NO. 4, INC., a merged or consolidated Illinois corporation, TONY'S FINER FOODS NO. 5, INC., a merged or consolidated Illinois corporation, and TONY'S FINER FOODS NO. 6, INC., an Illinois corporation, | No.<br><br>F I L E D<br>FEB 1 3 2007  NF<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |
| Defendants | JURY DEMAND |

## COMPLAINT

NOW COMES the plaintiff, NOE MARTINEZ, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys, Amatore & Associates, P.C., and complaining of the defendants, TONY INGRAFFIA (hereinafter "INGRAFFIA"), DAMENICO GAMBINO (hereinafter "GAMBINO"), TONY'S FINER FOODS ENTERPRISES, INC. (hereinafter "TONY'S 1"), TONY'S FINER FOODS, INC, (hereinafter "TONY'S 2"), TONY'S FINER FOODS NO. 3, INC. (hereinafter "TONY'S 3"), TONY'S FINER FOODS NO. 4, INC. (hereinafter "TONY'S 4"), TONY'S FINER FOODS NO. 5, INC. (hereinafter "TONY'S 5"),

TONY'S FINER FOODS NO. 6, INC. (hereinafter "TONY'S 6"), pursuant to Section 16 (b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (hereinafter "FLSA"), and pleading hypothetically and in the alternative, alleges as follows:

## INTRODUCTION

1. This action arises under the FLSA, and under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, as a result of the defendants' failure and refusal to pay overtime compensation due and owing to the plaintiff and other similarly situated employees.

2. During the period or periods herein relevant, the defendants (or an enterprise owned and/or controlled by the defendants, and each of them, individually or in or in one or more combinations), routinely and as a matter of practice and policy required the plaintiff and other similarly situated employees to work more than 40 hours per week, but then failed and refused to pay them overtime compensation.

## THE PARTIES

3. The plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

4. In his dealings with the defendants, the plaintiff typically used the alias "William Hernandez".

5. The defendants, INGRAFFIA, and GAMBINO, are individuals domiciled in the State of Illinois, and reside within this judicial district.

6. The defendants, TONY'S 1, and TONY'S 6, are Illinois corporations domiciled in the State of Illinois.

7. The defendants, TONY'S 2, TONY'S 3, TONY'S 4, and TONY'S 5, are merged or consolidated Illinois corporations, which corporations were, at all times possible to the extent that they were distinct entities, domiciled in the State of Illinois.

8. The plaintiff's knowledge is imperfect as to which entity or entities the defendants named in paragraph 7, above, have been merged into, or consolidated with; and therefore the plaintiff desires to avail himself of the discovery process in order to further investigate the structure of the enterprise owned and/or controlled by the defendants.

## JURISDICTION AND VENUE

9. Federal question jurisdiction is conferred on this the United States District Court by Section 16 (b) of the FLSA, 29 U.S.C. § 216 (b).

10. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367 (a).

11. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

12. Further, venue is proper as to the defendant corporations, TONY'S 1 through 6, pursuant to 28 U.S.C. § 1391, as said corporations are Illinois Corporations having their registered office at 3607 W. Fullerton Ave., in the City of Chicago, in the County of Cook (or have been merged into, or consolidated with, a corporation or corporations with a registered business office at the same address), within this judicial district.

13. Further still, venue is proper as to the individual defendants, INGRAFFIA, and GAMBINO, as they are both domiciled in the State of Illinois, and they both reside within this judicial district.

## STATUTORY CONSENT

14. The plaintiff brings this case as a collective action under the FLSA on behalf of himself and all those similarly situated, and in accord with Section 16 (b) of the FLSA, the plaintiff has given written consent to bring such an action.

15. The plaintiff's Notice of Consent is incorporated herein by reference and attached hereto as "**Exhibit A**".

## GENERAL ALLEGATIONS

16. At all times herein relevant, the defendant, INGRAFFIA, was/is the President of each of the defendant corporations.

17. At all times herein relevant, the defendant, GAMBINO, was/is the Secretary of each of the defendant corporations.

18. Upon information and belief, at all times herein relevant, the defendant, INGRAFFIA, held/holds an ownership interest in each of the defendant corporations.

19. Upon information and belief, at all times herein relevant, the defendant, GAMBINO, held/holds an ownership interest in each of the defendant corporations.

20. Upon information and belief, at all times herein relevant, the defendant, INGRAFFIA, exercised/exercises control over significant aspects of each of the defendant corporations' day-to-day functions.

21. Upon information and belief, at all times herein relevant, the defendant, GAMBINO, exercised/exercises control over significant aspects of each of the defendant corporations' day-to-day functions.

22. The defendants, and each of them, individually or in one or more combinations, were at all times herein relevant the plaintiff's "employer", within the meaning of Section 3 (a) and (d) of the FLSA, 29 U.S.C. §§ 203 (a) and 203 (d).

23. At all times relevant herein, the defendants, and each of them, individually or in one or more combinations, operated, controlled, and/or constituted an "enterprise", within the meaning of Section 3 (r) of the FLSA, 29 U.S.C. § 203 (r), which enterprise ran or controlled four grocery stores within this judicial district, to wit:

    a. Tony's Finer Foods, located at 3607 W. Fullerton Avenue, Chicago, Illinois;
    b. Tony's Finer Foods, located at 4137 N. Elston Avenue, Chicago, Illinois;
    c. Tony's Finer Foods, located at 2099 N. Mannheim Road, Melrose Park, Illinois; and
    d. Tony's Finer Foods, located at 8639 S. Harlem Avenue, Oak Lawn, Illinois.

24. Said enterprise may operate, and/or may have operated, additional stores in this judicial district.

25. The defendants continue to operate said enterprise to this day.

26. At all times herein relevant, the plaintiff was an "employee" of the defendant within the meaning of Section 3 (e) (1) of the FLSA, 29 U.S.C. § 203 (e) (1).

27. During the course of his employment by the defendants, the plaintiff was employed as a laborer and was not exempt from the overtime wage provisions of the FLSA.

28. The plaintiff, and other similarly situated employees, were routinely traded amongst the various stores controlled by and/or constituting said enterprise, including but not limited to those stores at the aforesaid locations.

29. During the course of his employment by the defendants, the plaintiff handled goods, including perishable produce and other food products, that moved in interstate commerce.

30. At all times herein relevant, said enterprise engaged/engages in commerce or in the production of goods for commerce within the meaning of Section 3 (s) (1) (A) of the FLSA, 29 U.S.C. § 203 (s) (1) (A).

31. The plaintiff, and other similarly situated employees, were routinely directed by the defendants to work, and did so work, in excess of 40 hours per week. The plaintiff typically worked 60 hours per week.

32. The plaintiff, and other similarly situated employees, were often paid by the defendants in cash, rather than by check or otherwise.

33. In certain weeks, the plaintiff, and other similarly situated employees, were paid by the defendants both with cash and by check. For example, they were paid a portion of the money they earned in a given week in cash, and they were paid another portion of the money they earned in that same week by check.

34. The plaintiff believes the defendants engaged in practice described in paragraph 33, above, in order to circumvent their obligations under the FLSA, among other reasons.

6

## COUNT I
## (FLSA Claim – Unpaid Overtime Wages)

35. The plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 34, inclusive, as though the same were fully set forth herein.

36. During their employment by the defendants, the plaintiff, and other similarly situated employees, worked numerous hours for the defendants in excess of 40 per week, for which hours the defendants failed to pay them at a rate not less than one and one-half times the regular rate at which they were employed.

WHEREFORE, the plaintiff, NOE MARTINEZ, on behalf of himself and all other employees similarly situated, known and unknown, prays for judgment in his favor and against the defendants, INGRAFFIA, GAMBINO, TONY'S 1, TONY'S 2, TONY'S 3, TONY'S 4, TONY'S 5, and TONY'S 6, and each of them, in an amount equal to (a) unpaid overtime compensation due to the plaintiff for each hour the plaintiff worked in excess of 40 hours, in any given week, but for which the defendant failed to pay the plaintiff at a rate not less than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the minimum rate), for a period of two years prior to the date this complaint was filed, (b) an equal amount as statutory liquidated damages, (c) pre-judgment interest on all amounts awarded, and (d) for such further relief as may be fair and just in the premises, plus costs of suit.

## COUNT II
## (FLSA – Willful Violation)

37. The plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 36, inclusive, as though the same were fully set forth herein.

7

38. The defendants willfully violated the provisions of the FLSA in that the defendants were aware of their obligations under the FLSA but nevertheless attempted to circumvent its provisions.

WHEREFORE, the plaintiff, NOE MARTINEZ, on behalf of himself and all other employees similarly situated, known and unknown, prays for judgment in his favor and against the defendants, INGRAFFIA, GAMBINO, TONY'S 1, TONY'S 2, TONY'S 3, TONY'S 4, TONY'S 5, and TONY'S 6, and each of them, in an amount equal to (a) unpaid overtime compensation due to the plaintiff for each hour the plaintiff worked in excess of 40 hours, in any given week, but for which the defendant failed to pay the plaintiff at a rate not less than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the minimum rate), for a period of three years prior to the date this complaint was filed, (b) an equal amount as statutory liquidated damages, (c) pre-judgment interest on all amounts awarded, (d) reasonable attorney's fees, and (e) for such further relief as may be fair and just in the premises, plus costs of suit.

## COUNT III
### (IMWL Claim – Unpaid Overtime)

39. The plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 38, inclusive, as though the same were fully set forth herein.

40. There exists a statute of Illinois commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL") and codified at 820 ILCS 105/1 *et seq.*

41. The defendants violated the IMWL in that, during the aforesaid period or periods of employment, the plaintiff worked numerous hours for the defendants in excess of 40, during certain workweeks, for which the defendants failed to pay the plaintiff at a

8

rate not less than one and one-half times the regular rate at which the plaintiff was employed.

WHEREFORE, the plaintiff, NOE MARTINEZ, prays for judgment in his favor and against the defendants, INGRAFFIA, GAMBINO, TONY'S 1, TONY'S 2, TONY'S 3, TONY'S 4, TONY'S 5, and TONY'S 6, and each of them, in an amount equal to (a) unpaid overtime compensation due to the plaintiff for each hour the plaintiff worked in excess of 40 hours, in any given week, but for which the defendant failed to pay the plaintiff at a rate not less than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the minimum rate), for a period of three years prior to the date this complaint was filed, (b) punitive damages in the amount of 2% of any unpaid overtime for each month following the date it was due, (c) pre-judgment interest on all amounts awarded, (d) reasonable attorney's fees, and (e) for such further relief as may be fair and just in the premises, plus costs of suit.

## COUNT IV
### (IWPCA / AFWAA Claims)

42. The plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 41, inclusive, as though the same were fully set forth herein.

43. There exists a statute of Illinois commonly known as the Illinois Wage Payment and Collection Act (hereinafter "the IWPCA") and codified at 820 ILCS 115/1 *et seq.*

44. There exists a statute of Illinois commonly known as the Attorney's Fees in Wage Actions Act (hereinafter "the AFWAA") and codified at 705 ILCS 225 *et seq.*

45. The plaintiff made written demand to the defendants, at least 3 days before this complaint was filed.

46. The plaintiff is entitled to recover attorney's fees under the AFWAA by virtue of said written demand, among other reasons.

47. The defendant violated the IWPCA in the following way, or ways, to wit:

   a. During the aforesaid period or periods of employment, the plaintiff worked numerous hours for the defendants in excess of 40, in certain weeks, for which the defendants failed to pay the plaintiff at a rate not less than one and one-half the regular rate agreed upon by the parties.

   b. During certain weeks in aforesaid period or periods of employment, the defendants employed the plaintiff, but then failed and refused to pay the plaintiff, either weekly or biweekly, certain overtime wages the plaintiff earned.

   c. During certain weeks in aforesaid period or periods of employment, the defendants employed the plaintiff, but then failed and refused to pay the plaintiff, within either 7 days of the close of each relevant workweek or 13 days of the close of each relevant biweekly pay-period, certain overtime wages the plaintiff earned.

WHEREFORE, the plaintiff, NOE MARTINEZ, prays for judgment in his favor and against the defendants, INGRAFFIA, GAMBINO, TONY'S 1, TONY'S 2, TONY'S 3, TONY'S 4, TONY'S 5, and TONY'S 6, and each of them, and for (a) an order commanding the defendant to pay to the plaintiff any and all overtime compensation the defendant owes the plaintiff for each hour the plaintiff worked in excess of 40, in any given week, but for which the defendant failed to pay the plaintiff at

a rate not less than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the minimum rate under the IMWL), (b) pre-judgment interest on all amounts awarded, (c) reasonable attorney's fees as allowed by the AFWAA, and (d) for such further relief as may be fair and just in the premises, plus costs of suit.

## JURY DEMAND

NOW COMES, the plaintiff, NOE MARTINEZ, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys, Amatore & Associates, P.C., and hereby demands trial by jury of all the issues set forth herein.

                                                                                                 */s/ Roy P. Amatore*
                                                                                                 Roy P. Amatore

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOE MARTINEZ, on behalf of himself
and all other employees similarly situated,
known and unknown,

     Plaintiffs,

v.

TONY INGRAFFIA, DAMENICO
GAMBINO, TONY'S FINER FOODS
ENTERPRISES, INC., an Illinois
corporation, TONY'S FINER FOODS,
INC, a merged or consolidated Illinois
Corporation, TONY'S FINER FOODS
NO. 3, INC., a merged or consolidated
Illinois corporation, TONY'S FINER
FOODS NO. 4, INC., a merged or
consolidated Illinois corporation, TONY'S
FINER FOODS NO. 5, INC., a merged or
consolidated Illinois corporation, and
TONY'S FINER FOODS NO. 6, INC., an
Illinois corporation,

     Defendants

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

NOW COMES, the plaintiff, NOE MARTINEZ, by and through his attorneys, Amatore & Associates, P.C., and hereby represents to the Court that he has been employed by the defendants, TONY INGRAFFIA, DAMENICO GAMBINO, TONY'S FINER FOODS ENTERPRISES, INC., TONY'S FINER FOODS, INC, TONY'S FINER FOODS NO. 3, INC., TONY'S FINER FOODS NO. 4, INC., TONY'S FINER FOODS NO. 5, INC., and TONY'S FINER FOODS NO. 6, INC., as defined by the FLSA, within the past 3 years, that he has worked in excess of 40 hours in individual workweeks, and that he believes he has not been paid all the overtime wages owed to



A

him. The plaintiff, NOE MARTINEZ, authorizes through this consent the prosecution of this lawsuit in his name and on behalf of similarly situated persons.

–SEE ATTACHED CONSENT FORM SIGNED BY NOE MARTINEZ–

Roy P. Amatore

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street • Suite 400
Chicago, IL 60603
312.236.9825 tel.
312.236.9826 fax

## CONSENT TO BECOME A PARTY PLAINTIFF

I, _Noe Martinez A/K/A William Hernandez_, hereby consent to become a party plaintiff in this action brought under the Fair Labor Standards Act, as captioned in the attached Notice of Consent, and further consent to be represented in this matter by Amatore & Associates, P.C.

_/s/ Noe_